IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00192-GPG

CRAIG S. ROBLEDO-VALDEZ,

    Plaintiff,

v.

ROBERT DICK, et al.,
JEFF LONG,
LIEUTENANT PETERSON,
MAJOR BILDERAYA,
HENRY HIGGINS,
REBECCA OAKES,
JANE DOE OFFICER,
JOHN DOE OFFICER,
JOHN DOE OFFICER #2,
STEPHANIE STEPHENSON, and
DISTRICT ATTORNEY OF LOGAN COUNTY,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Craig S. Robledo-Valdez, is an inmate at the Jefferson County Detention Facility in Golden, Colorado. Mr. Robledo-Valdez has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming his constitutional claims were violated while he was incarcerated at the Sterling Correctional Facility in 2014. The court must construe the Prisoner Complaint liberally because Mr. Robledo-Valdez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro*

*se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Robledo-Valdez will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

Mr. Robledo-Valdez alleges he was assaulted on three different occasions by inmates at the Sterling Correctional Facility. The first assault occurred on March 31, 2014, when two inmates attacked him in the prison cafeteria. Mr. Robledo-Valdez was found guilty of a disciplinary offense for fighting in connection with the March 31 assault and he was punished with twenty days in segregation. The second assault occurred on April 23, 2014, when two different inmates attacked Mr. Robledo-Valdez in his living unit after he was released from disciplinary segregation. On May 9, 2014, Mr. Robledo-Valdez again was placed in segregation, although not for disciplinary reasons, and he remained in segregation until June 11, 2014, while prison officials investigated his reports that inmates were planning to kill him. The third assault occurred in his cell on June 11, 2014, when the same two inmates who assaulted him on April 23 attacked him a second time and caused serious injuries. According to Mr. Robledo-Valdez, the June 11 assault occurred just twenty minutes after he was placed in the same pod in the same living unit from which he had been removed on May 9. Mr. Robledo-Valdez maintains that he was investigated for a disciplinary offense of fighting in connection with the June 11 assault but he does not allege that he was charged or convicted of any disciplinary offense regarding the June 11 assault. He further maintains that the Logan County District Attorney declined to press criminal charges against the inmates who assaulted him on June 11.

Mr. Robledo-Valdez specifically asserts four claims for relief, although he raises

multiple issues in some of the claims.   The first claim is an Eighth Amendment claim in which he contends the Jane and John Doe Defendants subjected him to excessive force following the March 31 assault.   He also alleges within claim one that prison staff added pepper to the ice bags he was given by medical staff following the March 31 assault and poked holes in the ice bags so that a mixture of pepper and melting ice would leak from the bags into his wounds as a form of torture.   Although Mr. Robledo-Valdez mentions the names of four individual Defendants in connection with the torture component of his first claim, he does not allege specific facts regarding each Defendant's personal participation in the asserted Eighth Amendment violation.

Mr. Robledo-Valdez contends in his second claim, which is asserted as an Eighth Amendment claim and also a violation of equal protection, that Defendants ignored his safety and failed to protect him from being assaulted on April 23 and again on June 11. Mr. Robledo-Valdez also alleges within claim two that he was punished for defending himself against his attackers and that all three assaults could have been prevented. Although Mr. Robledo-Valdez mentions the names of five individual Defendants in connection with his second claim, he does not allege specific facts regarding each Defendant's personal participation in the asserted Eighth Amendment violation and he does not allege facts that would support an equal protection claim.

Mr. Robledo-Valdez contends in claim three that his rights under the Fourteenth Amendment were violated because the parole board, acting through Defendant Rebecca Oakes, lengthened his sentence by ninety days, apparently because his release on parole was deferred for that length of time following a hearing in June 2014.   According

to Mr. Robledo-Valdez, his release was deferred based on the disciplinary conviction for fighting following the March 31 assault.   Mr. Robledo-Valdez also alleges within claim three that the Logan County District Attorney violated his rights by failing to investigate and charge the inmates who assaulted him.

Mr. Robledo-Valdez finally claims his Fourteenth Amendment rights were violated because his case manager, Defendant Robert Dick, prevented him from being paroled to Texas by failing to prepare the proper paperwork in a timely fashion.   According to Mr. Robledo-Valdez, this resulted in his being homeless for five days when he was paroled in August or September of 2014.   It is not clear what specific constitutional right Mr. Robledo-Valdez believes was violated because he was not paroled to Texas.

The Prisoner Complaint is deficient because Mr. Robledo-Valdez fails to allege specific facts in support of his claims against each Defendant that demonstrate he is entitled to relief.   Vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings.   See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).   Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).   Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."   *Hall*, 935 F.2d at 1110.   Neither the court nor Defendants are required to

guess in order to determine the specific factual allegations that are being asserted in support of each claim.

In order to state a cognizable claim in federal court Mr. Robledo-Valdez must identify the specific claims he is asserting, the specific factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  "The elements necessary to establish a § 1983 . . . violation will vary with the constitutional provision at issue."  *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (internal quotation marks omitted).  Furthermore,

> [b]ecause § 1983 [is a] vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants.  It is particularly important that plaintiffs make clear exactly *who* is alleged to have done *what* to *whom,* . . . as distinguished from collective allegations. When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights "were violated" will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that "defendants" infringed his rights.

*Id.* at 1225-26 (internal citations and quotation marks omitted).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526

U.S. 286, 290 (1999).  Thus, allegations of "personal participation in the specific constitutional violation complained of [are] essential."  *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also   Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("[i]ndividual liability . . . must be based on personal involvement in the alleged constitutional violation.").  To the extent a particular Defendant merely denied a grievance, that fact alone is not sufficient to demonstrate personal participation.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (stating "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation").

In order to state an arguable Eighth Amendment claim Mr. Robledo-Valdez must allege specific facts that demonstrate deliberate indifference to a substantial risk of serious harm, *see Farmer v. Brennan*, 511 U.S. 825 (1994);   *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008), or deliberate indifference to his serious medical needs, *see Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976).  "A claim of deliberate indifference includes both an objective and a subjective component."  *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014).  "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Id.* at 1192-93 (internal quotation marks omitted).  Under the subjective prong, 'a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

In order to state an arguable equal protection claim Mr. Robledo-Valdez must allege facts that demonstrate he *intentionally* was treated differently than similarly situated inmates.  *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).  "Equal protection of the laws doesn't guarantee equal results for all."  *SECSYS, LLC v. Vigil*, 666 F.3d 678, 684 (10th Cir. 2012) (internal quotation marks omitted).  Instead, the Equal Protection Clause "seeks to ensure that any classifications the law makes are made without respect to persons, that like cases are treated alike, that those who appear similarly situated are not treated differently without, at the very least, a rational reason for the difference."  *Id.* (internal quotation marks omitted).  To the extent Mr. Robledo-Valdez is asserting an equal protection claim against the Logan County District Attorney, "the law is clear that there is no 'constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime.'" *White v. City of Toledo*, 217 F. Supp.2d 838, 841 (N.D. Ohio 2012) (quoting *Doe v. Mayor and City Council of Pocomoke City*, 745 F. Supp. 1137, 1138 (D. Md. 1990)).

To the extent the Prisoner Complaint can be construed as asserting a due process claim in connection with prison disciplinary proceedings, Mr. Robledo-Valdez must allege facts that demonstrate he was deprived of a constitutionally protected liberty interest. "For inmates being punished for misconduct, a liberty interest exists only when the penalty lengthens the confinement or involves an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  *Meek v. Jordan*, 534 F. App'x 762, 765 (10th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Because Mr. Robledo-Valdez alleges the only disciplinary sanction was a period of

twenty days in segregation, he fails to demonstrate he was deprived of a constitutionally protected liberty interest.   Furthermore, even if Mr. Robledo-Valdez was deprived of a constitutionally protected liberty interest, he fails to allege facts that demonstrate he was denied the minimum due process required at a prison disciplinary hearing.   See *Superintendent v. Hill*, 472 U.S. 445, 454 (1985).

To the extent Mr. Robledo-Valdez may be asserting a due process claim premised on the deferral of his release on parole, the claim is barred unless he has invalidated the decision deferring his release on parole.   See *Heck v. Humphrey*, 512 U.S. 477 (1994).

For these reasons Mr. Robledo-Valdez will be ordered to file an amended complaint that clarifies the claims he is asserting.   Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website."   Therefore, Mr. Robledo-Valdez will be directed to file his amended pleading on the court-approved Prisoner Complaint form.   Mr. Robledo-Valdez may use fictitious names, such as John and Jane Doe, if he does not know the real names of the individuals he is suing, but he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.   Mr. Robledo-Valdez also must provide an address where each Defendant may be served.   Accordingly, it is

ORDERED that Mr. Robledo-Valdez file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.   It is

FURTHER ORDERED that Mr. Robledo-Valdez shall obtain the court-approved

Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Robledo-Valdez fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED April 7, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge