**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 16-cv-00192-MSK-KLM**

**CRAIG S. ROBLEDO-VALDEZ,**

    **Plaintiff,**

v.

**ROBERT DICK, et al.;
JEFF LONG;
MR. PETERSON;
MR. BILDERAYA;
HENRY HIGGINS;
JANE DOE, Officer;
JOHN DOE, Lieutenant;
OFFICER CURRY;
JOHN DOE, Officer;
JOHN DOE, Sergeant;
STEPHANIE STEPHENSON;
DAN KATZENBERG; and
JOHN DOE, Officer #2,**

    **Defendants.**

---

**OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART
RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART MOTION
TO DISMISS**

---

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Objection **(# 38)** to

the Magistrate Judge's February 27, 2017 Recommendation **(# 38)** that the Defendants' Motion

to Dismiss the Plaintiff's Amended Complaint **(# 29)** be granted in part and denied in part.

## JURISDICTION

The Court exercises jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

1

**FACTUAL ALLEGATIONS**

The Plaintiff, Mr. Robledo, who appears *pro se*,[1] is an inmate at the Sterling Correctional Facility ("SCF"). The Defendants are employees of the Colorado Department of Corrections ("CDOC").

Mr. Robledo's claims arise primarily from three separate incidents when other inmates at SCF assaulted him in mid-2014. Mr. Robledo alleges that the first assault occurred on March 30, 2014. At dinnertime, two inmates attacked him. He defended himself and then submitted to prison officers. He alleges that although he was not the aggressor and remained calm, the officers charged him with a disciplinary violation for fighting. He contested that violation, but the Hearing Officer found that he was the aggressor during the fight and sentenced him to spend twenty days in disciplinary segregation. While in segregation, Mr. Robeldo alleges that he spoke to Mr. Dick, a case manager, and Mr. Long, a prison investigator, because prisoners told him that he "would have to fight again" upon his release from segregation. Mr. Robeldo also "informed staff" that he would be attacked again if he was returned to the unit where he was previously assigned.

At or about this same time, Mr. Dick provided Mr. Robledo's parole action sheet to another inmates. That sheet revealed that Mr. Robledo had been convicted of a sex offense against a child, a fact that, the Court assumes, Mr. Robledo was not previously known in the

---

[1] In considering Mr. Robledo's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in his use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Robledo of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat Mr. Robledo according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

prison. Mr. Robledo alleges – albeit in a conclusory fashion – that Mr. Dick acted purposefully, with the intention that the inmate who received the sheet disseminate further the facts about Mr. Robledo's convictions. Mr. Robledo alleges that disclosure of these facts made him a target for violence from other prisoners.

Notwithstanding Mr. Robledo's warnings, Mr. Dick and Mr. Long decided to return Mr. Robledo to his prior unit. On April 23, 2014, two prisoners attacked him. The assault lasted for only six seconds because prison staff was approaching. The assailants warned that "they would strike again" and "put [him] in a coffin."

Mr. Robledo alleges that the third assault occurred a few months later. His friends told him that inmates were planning to hospitalize him. He asked prison staff for protection but those staff members stated that he was faking his fears of future attacks in an attempt to be assigned to a new prison. On June 11, 2014, the same prisoners who assaulted him on April 23 attacked him again, stabbing him repeatedly with an eight-inch shank and beating him with a padlock inside a sock. The attack lasted for four minutes until prison officers intervened.

No additional assaults occurred before Mr. Robledo was placed on parole and released from SCF on August 13, 2014. However, he alleges that Mr. Dick discriminated against him prior to his release by failing to file an application that would have allowed him to be paroled to Texas (where he is from and his family resides). Mr. Robledo alleges that Mr. Dick did so out of animus against Mr. Robledo's race (Hispanic), sexuality (bisexual), and his status as a sex offender. Mr. Robledo further alleges that Mr. Katzenberg discriminated against him based on his sex offense and race by refusing to help him obtain housing and transportation immediately after his release.

## PROCEDURAL HISTORY

On January 25, 2016, Mr. Robledo filed his Complaint (# 1), asserting a broad range of claims against a wide array of Defendants pursuant to 42 U.S.C. § 1983. Mr. Robledo's lengthy Amended Complaint (# 13) asserted eleven claims for relief under § 1983, but the Court summarily dismissed what he labeled[2] as his third, fifth, ninth, tenth, and eleventh claims (# 15).

The Defendants jointly filed a motion to dismiss (# 29) Mr. Robledo's first, fourth, sixth, seventh, and eighth claims[3] on the grounds of Eleventh Amendment immunity and qualified immunity. The Court referred the Motion to Dismiss to the Magistrate Judge. The Magistrate Judge issued a Recommendation (# 38) that the motion be granted in part and denied in part. Specifically, the Magistrate Judge recommended: (i) Mr. Robledo's claims for damages against the Defendants in their official capacities be dismissed without prejudice for lack of subject-matter jurisdiction; (ii) Mr. Robledo's Sixth Amendment claims alleged in Claim Six and Claim Seven be dismissed with prejudice for failure to state a claim; (iii) Mr. Robledo's Eighth Amendment claim, alleged in Claim Four as to the April 23, 2014 assault, be dismissed in that Mr. Robledo failed to allege facts showing that the Defendants disregarded an obvious risk of harm before that incident; (iv) the Eighth Amendment claim alleged in Claim Six be dismissed for failure to state a claim, in that Mr. Robledo failed to plead facts showing that Mr. Dick was subjectively aware of a risk of harm to Mr. Robledo when he provided Mr. Robledo's parole sheet to the other inmate; (v) the Equal Protection claims alleged in Claim Seven and Claim Eight, due to insufficient pleading. The Recommendation declined to dismiss: (i) Mr. Robledo's Eighth Amendment claims in Claim One against Ms. Stephenson, Officer Curry, Officer Jane

---

[2] Although Mr. Robledo labeled them as Claim One through Claim Eleven, many of his claims assert multiple causes of action.

[3] The Second Claim, the only one not addressed by either the Court's dismissal or the Defendants' motion, is asserted solely against a John Doe Defendant who has yet to be identified.

Doe, and Officer John Doe #2 for prospective injunctive and declaratory relief in their individual and official capacities; (ii) the Eighth Amendment claims in Claim One against Ms. Stephenson, Officer Curry, Officer Jane Doe, and Officer John Doe #2 for monetary relief in their individual capacities; (iii) the Eighth and Fourteenth Amendment claims alleged in Claim Two against Lieutenant John Doe; (iv) the Eighth Amendment claims alleged in Claim Four as to the June 11, 2014 assault against Mr. Long, Mr. Peterson, Mr. Bilderaya, Mr. Higgins, Ms. Stephenson, Officer Curry, and Mr. Dick; (v) the Fourth and Fourteenth Amendment Claims alleged in Claim Six against Mr. Dick; and (vi) the Eighth Amendment claim alleged in Claim Eight against Mr. Katzenberg.

Mr. Robledo timely filed an Objection to the Recommendation **(# 40)**. He objects to the dismissal of the Sixth Amendment Claims alleged in Claim Six and Claim Seven, the Eighth Amendment claim alleged in Claim Four as to the April 23, 2014 assault, the Eighth Amendment claim alleged in Claim Six, and the Fourteenth Amendment claims alleged in Claim Seven and Claim Eight. His specific objections will be addressed in turn.

## **STANDARD OF REVIEW**

Pursuant to Fed. R. Civ. P. 72(b), the Court reviews the objected-to portions of the Recommendation *de novo*.

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all well-pleaded allegations in the Complaint as true and views those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). The Court limits its consideration to the four corners of the Complaint, any documents attached thereto, and any external documents that are referenced in

5

the Complaint and whose accuracy is not in dispute. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

A claim is subject to dismissal unless it is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To make such an assessment, the Court first discards those averments in the Complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678-79. The Court takes the remaining, well-pleaded factual contentions, treats them as true, and ascertains whether those facts (coupled, of course, with the law establishing the requisite elements of the claim) support a claim that is "plausible" as compared to merely being "conceivable" or "possible". What is required to reach the level of "plausibility" varies from context to context, but generally, allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," are not sufficient. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## ANALYSIS

### A. Qualified immunity

The Defendants assert the defense of qualified immunity to Mr. Robledo's claims. In an action under § 1983, the doctrine of qualified immunity protects individual state actors from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When a defendant asserts a qualified immunity defense in a motion to dismiss, the Court determines (1) whether a complaint's allegations are sufficient to show that the defendant violated a constitutional or statutory right and (2) whether the constitutional or statutory right

was clearly established when the alleged violation occurred. *See Peterson v. Jensen*, 371 F.3d 1199, 1202 (10th Cir. 2004).

### B. Whether the allegations in Claim Six and Claim Seven show violations of clearly established Sixth Amendment rights

The Magistrate Judge recommended that Mr. Robledo's Sixth Amendment claims arising out of Mr. Dick's alleged disclosure of Mr. Robledo's sex offender status to other prisoners and failure to process Mr. Robledo's request to be paroled to Texas be dismissed because the Sixth Amendment only applies to criminal trials. Mr. Robledo misunderstood this recommendation. He believes that it applies to his claims arising out of the administrative hearing in which he was found to be the aggressor during the March 30 fight. In his objection, he argues that that the Sixth Amendment entitled him to view a video of the fight and to call witnesses on his behalf. Neither Claim Six nor Claim Seven contain any allegations as to the administrative hearing.

Regardless, the protections guaranteed by the Sixth Amendment apply only to criminal trials. *Austin v. U.S.*, 509 U.S. 602, 608 (1993); *U.S. v. Cordova*, 461 F.3d 1184, 1186-87 (10th Cir. 2006). Mr. Dick's disclosure of Mr. Robledo's sex offender status, his failure to process Mr. Robledo's parole request, and the administrative hearing were not criminal trials. Therefore, neither Claim Six nor Claim Seven sufficiently allege a violation of the Sixth Amendment, and Mr. Dick is entitled to qualified immunity as to Mr. Robledo's Sixth Amendment claims. Mr. Robledo's objection is overruled on this point.

### C. Whether the allegations in Claim Four as to the April 23, 2014 assault show a violation of a clearly established Eighth Amendment right

The Magistrate Judge recommended that Mr. Robledo's Eighth Amendment claims against Mr. Bilderaya, Mr. Dick, Mr. Long, Mr. Higgins, Mr. Peterson, and Sergeant John Doe based on the April 23, 2014 assault be dismissed because, given that Mr. Robledo was found to

be the aggressor in the March 30 fight and that they did not know that Mr. Robledo faced a substantial risk of serious harm. Mr. Robledo objects by complaining about alleged procedural defects during the hearing in which he was found to be the aggressor and argues that the Defendants knew he was not the aggressor.

The Eighth Amendment mandates that prison officials protect prisoners from harm committed by other prisoners, and deliberate indifference to a substantial risk of serious harm to a prisoner's safety constitutes cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 828-33 (1994). To establish that a prison official acted with deliberate indifference requires proof of both objective and subjective components. *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001). The objective component is demonstrated by showing that the prisoner was incarcerated under circumstances posing a substantial risk of serious harm. *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006). A credible threat of physical assault is sufficient to demonstrate this component. *See Benefield¸* 241 F.3d at 1271-72; *Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001).

The subjective component is demonstrated by showing that a prison official acted with deliberate indifference to the prisoner's safety. It requires that a prison official be aware of facts from which the prison official concluded that a substantial risk of harm existed and that the official decided to ignore that risk. Mere negligence is not sufficient to establish deliberate indifference; rather, the standard requires recklessness, *i.e.*, disregarding a risk of which the official was aware. *Howard v. Wade*, 534 F.3d 1227, 1236 (10th Cir. 2008); *Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003).

The Amended Complaint sufficiently alleges the objective component. While in segregation for fighting, Mr. Robledo received information that other prisoners intended to

assault him when he returned to his cell. Given that he had just been in a fight, this was a credible threat. It is plausible that the other prisoners involved in the fight or their associates intended to fight him again. Thus, the Amended Complaint's allegations show that he was incarcerated under circumstances posing a substantial risk of serious harm.

The Amended Complaint also sufficiently alleges the subjective component as to Mr. Dick and Mr. Long. According to the Amended Complaint, Mr. Dick and Mr. Long knew about the March 30 fight, and Mr. Robledo told them the information he received about prisoners planning to attack him upon his release from segregation. The Recommendation focused on the question of whether the Defendants had reason to believe that Mr. Robledo was not actually the aggressor in the prior fight. But whether Mr. Robledo was or was not the aggressor during the March 30 fight is irrelevant. Even if Mr. Robledo was the aggressor, he did not forfeit his right to be free from cruel and unusual punishment upon his release from segregation. Mr. Dick and Mr. Long had a duty to take reasonable steps to protect Mr. Robledo if they knew he faced a substantial risk of serious harm upon his release from segregation, regardless of his role in the March 30 fight. Indeed, if Mr. Robledo was the aggressor in the previous fight, the likelihood that the other prisoner may intend to retaliate made his risk of serious harm even more substantial. Nevertheless, the Amended Complaint alleges that Mr. Dick and Mr. Long did nothing to act on Mr. Robledo's clearly-expressed concerns of substantial harm that would likely befall him upon his release. This is sufficient to allege that Mr. Dick and Mr. Long were subjectively aware that Mr. Robledo faced a substantial threat of serious harm but disregarded it.

However, regardless of whether they knew Mr. Robledo was not the aggressor in the March 30 fight, no allegations in the Amended Complaint state that Mr. Bilderaya, Mr. Higgins, or Sergeant John Doe knew about the threats Mr. Robledo received while in segregation.

Therefore, the Court cannot find that these defendants were subjectively aware that Mr. Robledo faced a substantial threat of serious harm, and the claims against them must be dismissed.

Turning to the second prong of the qualified immunity analysis on this point, a prisoner's right to be protected against violence from other prisoners is clearly established. A right is clearly established if the Supreme Court has issued an opinion articulating it. *Cox v. Glanz*, 800 F.3d 1231, 1247 (10th Cir. 2015). In its 1994 opinion in the case *Farmer v. Brennan*, the Supreme Court articulated the Eighth Amendment right to be protected against prisoner assaults. 511 U.S. at 833-35.

Thus, the Amended Complaint is sufficient to overcome Mr. Dick and Mr. Long's qualified immunity defense as to his Eighth Amendment claim that they failed to protect him from the April 23 assault. But it is not sufficient to overcome Mr. Bilderaya, Mr. Higgins, and Sergeant John Doe's qualified immunity defense because there is no evidence that they knew of a substantial risk of harm to Mr. Robledo's safety. Accordingly, Mr. Robledo's objection as to this claim is sustained in part and overruled in part. His claims against Mr. Dick and Mr. Long will remain, but his claims against the other defendants will be dismissed.

**D. Whether the allegations in Claim Six show a violation of a clearly established Eighth Amendment right**

The Magistrate Judge recommended that Mr. Robledo's Eighth Amendment claims against Mr. Dick based on his disclosure of Mr. Robledo's parole sheet to another prisoner be dismissed because the Amended Complaint does not allege Mr. Dick knew that it would endanger Mr. Robledo's safety. Mr. Robledo objects and argues that it is common knowledge that sex offenders, especially those who committed crimes against children, are in danger of violent assaults in prison if the nature of their crimes are known by other inmates.

A prisoner claiming under the Eighth Amendment that a prison official endangered his safety by disclosing his status as a sex offender must show that the prison official acted with deliberate indifference, and to state a claim, a complaint must demonstrate the objective and subjective components described above. *Riddle v. Mondragon*, 83 F.3d 1197, 1204-06 (10th Cir. 1996). Mr. Robledo alleges generally that it is known to prison officials that sex offenders in general, and sex offenders with child victims in particular, are frequent targets of violent assaults by other inmates. This allegation alone would not be sufficient to show both the objective and subjective components of the claim. *See e.g. Boling v. Romer*, 101 F.3d 1336, 1341 (10th Cir. 1996). However, Mr. Robledo goes further by alleging that Mr. Dick <u>purposefully</u> disclosed his sex offender status to the other inmate. If, as Mr. Robledo asserts, Mr. Dick acted with the specific intent to supply information about Mr. Robledo's crimes to another inmate, one could reasonably infer that Mr. Dick did so with the intention that the dissemination of that information would lead to an attack on Mr. Robledo. That would suffice to establish both the objective and subjective components.

Mr. Robledo's Amended Complaint on this point is somewhat inconsistent. On one hand, Mr. Robledo alleges that Mr. Dick "knowingly, willfully sent" the parole sheet to the other inmate, that "his goal was to create more danger for me," and that "he knew what he was doing." These allegations are mostly conclusory; Mr. Robledo does not identify the facts that particular facts he relies upon that lead him to the conclusion that Mr. Dick acted purposefully. Indeed, when describing the specific facts of the event, Mr. Robledo instead paints a picture that suggests that the opposite: that Mr. Dick simply made an innocent mistake. Mr. Dick sent the sheet to an inmate who "lived . . . 12 cells away from me" and who "had a similar last name as I did" ("Roberts or Robles or something"), staff were "frantically trying to get it back," and Mr. Dick

11

immediately "claimed it was an accident." The Court is reluctant to credit Mr. Robledo's conclusory assertions over his more specific ones. At the same time, one of the most difficult facts to plead is another person's state of mind, and the federal rules permit another's state of mind to be "alleged generally." Fed. R. Civ. P. 9(b). Given the deference the Court must extend to plaintiffs at the pleading stage of a lawsuit, the Court will defer to Mr. Robledo's conclusory assertions of Mr. Dick's purposefulness, and allow this claim to proceed. Whether Mr. Robledo can ultimately adduce facts that establish his allegations about Mr. Dick's intentions is a matter to be left for another day.

Accordingly, the Court sustains Mr. Robledo's objections on this point and denies Mr. Dick's motion to dismiss this claim.

### E. Whether the allegations in Claim Seven and Claim Eight show a violations of clearly established Fourteenth Amendment rights

Finally, the Magistrate Judge recommended that Mr. Robledo's Fourteenth Amendment, Equal Protection claims based on Mr. Dick's and Mr. Katzenberg's actions when Mr. Robledo was paroled be dismissed because the Amended Complaint does not sufficiently allege that similarly situated individuals were treated differently than Mr. Robledo. Mr. Robledo objects and proffers additional information not in the Amended Complaint. The Court deems Mr. Robledo's proffer as a Motion to Amend the Amended Complaint. However, the Motion is denied because, even considering the newly-proffered allegations, his claims remain deficient and must be dismissed. Therefore, granting leave to amend would be futile. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

The Equal Protection Clause prohibits government actors from treating people differently than those who are similarly situated without adequate justification. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601-02 (2008). To state a claim, a complaint must show: (i) that a

government actor intentionally discriminated against the plaintiff because of the plaintiff's membership in a distinct class of people; and (ii) that the act of intentional discrimination is not justified by an adequate government purpose. *SECSYS, LLC v. Vigil*, 666 F.3d 678, 685-86 (10th Cir. 2012). As to the second element, the adequacy of a government purpose depends on the plaintiff's classification. If the classification is based on race, national origin, or alienage or affects the plaintiff's fundamental rights, the government's actions must be narrowly tailored to serve a compelling government interest; if it is based on gender or legitimacy, the government's actions must be substantially related to an important government interest; if it is not based on any of the foregoing classifications, the government's actions need only rationally relate to a legitimate government interest. *Clark v. Jeter*, 486 U.S. 456, 461-62 (1988); *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439-42 (1985).

Mr. Robledo claims that, by failing to process Mr. Robledo's request to be paroled to Texas, Mr. Dick unlawfully discriminated against him because he is bisexual, a sex offender, and a Mexican. However, there are no allegations in the Amended Complaint or proffered in Mr. Robledo's Objection that show Mr. Dick discriminated against him based on any of these three classifications. Indeed, no allegations in the Amended Complaint or proffer show that Mr. Dick assisted other inmates who were not members of these classes to be paroled to other states. Mr. Robledo does allege generally that Mr. Dick treated other inmates more amicably than he did Mr. Robledo. However, the proffer fails to show whether or not the other inmates were bisexual, sex offenders, or Mexicans. The only allegation to support Mr. Robledo's claim is the statement, "[Mr. Dick's] mistreatment of me was based on my sexuality (bisexual), my sex offense, and my race (Mexican)." This statement is conclusory and insufficient to state a claim.

Mr. Robledo also claims that Mr. Katzenberg unlawfully discriminated against him because he is a sex offender and a Mexican by failing to provide him with motel vouchers and bus passes after he was paroled. However, the Amended Complaint indicates that all parolees are treated poorly regardless of their offenses and races. It alleges, "There is a problem with the way parole and re-entry treat parolees". Further, nothing in the Amended Complaint or proffer shows that Mr. Katzenberg treated other parolees who were not sex offenders or Mexicans differently than Mr. Robledo. Mr. Robledo merely proffers that Mr. Katzenberg provided vouchers and bus passes to others who had been paroled. But he does not identify their offenses or races. Thus, the Amended Complaint and proffered facts do not show that Mr. Katzenberg intentionally discriminated against him because he is a sex offender and a Mexican.

The allegations in Claim Seven and Claim Eight fail to show violations of the Equal Protection Clause. Therefore, Mr. Dick and Mr. Long are entitled to qualified immunity as to these claims.

Therefore, Mr. Robledo's objection is overruled.[4]

---

[4] Given Mr. Robledo's *pro se* status, the Court has also considered his Equal Protection claims against Mr. Dick and Mr. Katzenberg under the "class of one" rubric. A "class of one" claim does not allege class-based discrimination, and instead asserts that a government entity discriminated against an individual out of spite or another improper motive. *See SECYS, LLC*, 666 F.3d at 688. To state a claim, a plaintiff must show that others who are similarly situated in all material aspects received more favorable treatment. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011). The allegations in the Amended Complaint and those proffered in the Objection fail to show that individuals treated more favorably than Mr. Robledo were similarly situated to him in all material aspects. The Court is left to speculate as to the offenses for which they were convicted, their respective sentences, their ability to be paroled out of state, when they were paroled, and the conditions of their parole. Without any such allegations, the Court cannot infer that Mr. Dick or Mr. Katzenberg treated Mr. Robledo differently out of spite or another improper motive.

**CONCLUSION**

For the foregoing reasons, the Court **SUSTAINS IN PART AND OVERRULES IN PART** Mr. Robledo's Objections **(# 40)**. The Magistrate Judge's Recommendation **(# 38)** is **ADOPTED IN PART** and **REJECTED IN PART**, and the Defendants' Motion to Dismiss **(# 29)** is **GRANTED IN PART AND DENIED IN PART** as follows:

The following claims are **DISMISSED**:

- Mr. Robledo's claims for damages against the Defendants in their official capacities;

- Mr. Robledo's Sixth Amendment claims alleged in Claim Six and Claim Seven;

- Mr. Robledo's Eighth Amendment claim alleged in Claim Four against Mr. Bilderaya, Mr. Higgins, and Sergeant John Doe as to the April 23, 2014 assault; and

- Mr. Robledo's Fourteenth Amendment claims alleged in Claim Seven and Claim Eight.

The following claims **REMAIN**:

- Mr. Robledo's Eighth Amendment claims alleged in Claim One against Ms. Stephenson, Officer Curry, Officer Jane Doe, and Officer John Doe #2 for prospective injunctive and declaratory relief in their individual and official capacities;

- Mr. Robledo's Eighth Amendment claims alleged in Claim One against Ms. Stephenson, Officer Curry, Officer Jane Doe, and Officer John Doe #2 for monetary relief in their individual capacities;

- Mr. Robledo's Eighth and Fourteenth Amendment claims alleged in Claim Two against Lieutenant John Doe;

- Mr. Robledo's Eighth Amendment claim alleged in Claim Four against Mr. Dick and Mr. Long as to the April 23, 2014 assault;

- Mr. Robledo's Eighth Amendment claims alleged in Claim Four as to the June 11, 2014 assault against Mr. Long, Mr. Peterson, Mr. Bilderaya, Mr. Higgins, Ms. Stephenson, Officer Curry, and Mr. Dick;

- Mr. Robledo's Fourteenth Amendment claims against Mr. Bilderaya, Mr. Dick, Mr. Long, Mr. Higgins, Mr. Peterson, and Sergeant John Doe alleged in Claim Four;

- Mr. Robledo's Fourth, Eighth, and Fourteenth Amendment Claims alleged in Claim Six against Mr. Dick; and

15

- Mr. Robledo's Eighth Amendment Claim alleged in Claim Eight against Mr. Katzenberg.

**Dated this 31st day of March, 2017.**

                                         **BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
Chief United States District Judge