IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger

Civil Action No. 16-cv-00192-MSK-KLM

CRAIG S. ROBLEDO-VALDEZ,

    Plaintiff,

v.

ROBERT DICK,
JEFF LONG;
MR. PETERSON;
MR. BILDERAYA;
HENRY HIGGINS;
HOLLIE KENNEDY; and
BENJAMIN MCLAUGHLIN,

    Defendants.

---

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

---

**THIS MATTER** comes before the Court pursuant to Mr. Robledo-Valdez's Objections **(# 183)** Motion for Reconsideration of this Court's January 29, 2020 Opinion and Order Granting in Part and Denying in Part Motion for Summary Judgment **(# 182)** ("the Opinion"), and the Defendants' response **(# 189)**. The Court assumes the reader's familiarity with the Opinion and will not independently summarize it.

Mr. Robledo-Valdez's Motion for Reconsideration relates to that portion of the January 29, 2020 Opinion that granted summary judgment to (former) Defendants Mr. Curry and Ms. Stephenson on Mr. Robledo-Valdez's contention that these Defendants violated the Eighth Amendment to the U.S. Constitution by placing salt and pepper in bags of ice (and poked holes in those bags) that they gave to Mr. Robledo-Valdez as treatment for abrasions and other injuries

1

Mr. Robledo-Valdez suffered in a prison altercation, such that melting ice containing salt and pepper would drip into Mr. Robledo-Valdez's injuries, causing additional pain. The Court found that Mr. Robledo-Valdez may have stated a sufficient Eighth Amendment claim against these Defendants, but found that the Defendants were entitled to qualified immunity because Mr. Robledo-Valdez had not pointed to sufficiently similar authority that "clearly established" the contours of that violation as of the time these Defendants provided the treatment.

Mr. Robledo-Valdez's instant Motion for Reconsideration **(# 183)** primarily[1] consists of citations to numerous cases that, Mr. Robledo-Valdez alleges, clearly establish that Ms. Stephenson and Mr. Curry's actions violated the Eighth Amendment. The Court need not extensively discuss the various cases cited by Mr. Robeldo-Valdez. It is sufficient to note that none address the same, or even a sufficiently similar, fact pattern as the one Mr. Robledo-Valdez presents in his Amended Complaint. As this Court has previously explained, the "clearly established" analysis is not conducted "at a high level of generality," and that it is necessary to "identify a case where an officer acting under similar circumstances" was found to have violated the constitution. *See City of Escondido v. Emmons*, 139 S.Ct. 500, 503-04 (2019). None of the cases cited by Mr. Robledo-Valdez involve inmates being given ice bags containing salt, pepper,

---

[1] Mr. Robledo-Valdez's motion also asserts certain supplemental facts that were not found within his prior filings or motion papers, most significantly the fact that other medical professionals had directed Mr. Curry and Ms. Stephenson to provide Mr. Robledo-Valdez with ice and that, on certain occasions, the Defendants flatly refused to do so. To the extent that Mr. Robledo-Valdez seeks reconsideration of the Court's January 29 Opinion based on these additional facts, he has not shown that this evidence was previously unavailable to him or that it was specifically recited in prior filings and overlooked by the Court. As such, a motion for reconsideration is an inappropriate vehicle to bring before the Court existing information that could have been, but was not, presented in prior filings. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

.

or holes in the bag, much less an Eighth Amendment inquiry into the appropriateness of such a practice. Rather, all of Mr. Robledo-Valdez's cases address the concept of an inmate's Eighth Amendment right to obtain medical care at a "high level of generality," which is precisely what *Emmons* instructs is insufficient.

Giving Mr. Robledo-Valdez's motion a generous reading, the Court understands it to allege that Mr. Robledo-Valdez's claim against Ms. Stephenson and Mr. Curry is not simply that they put salt and pepper into the ice bags and poked holes in the bags for the purpose of inflicting pain upon Mr. Robledo-Valdez, but rather, that their actions contravened instructions from other medical providers that directed that Mr. Robledo-Valdez be given ice for his injuries – *e.g.* that Ms. Stephenson and Mr. Curry "were required to bring ice in a bag and NOT interfere with it." Mr. Robledo-Valdez has not cited to any sufficiently specific legal authority that would recognize that Mr. Curry and Ms. Stephenson's actions violated "clearly established" law. At best, Mr. Robledo-Valdez cites to *Hamilton v. Endell*, 981 F.2d 1062 (9th Cir. 1992). There, an inmate who had recently undergone ear surgery produced a directive from his surgeon instructing that the inmate not be transferred by airplane during his recovery. The state obtained a second opinion from a different doctor (who did not actually examine the inmate), who authorized an air transfer and the state proceeded to fly the inmate to another prison, causing him to suffer considerable pain in the process. The Ninth Circuit reversed a grant of qualified immunity to the state officials, finding that they "deliberately ignored the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the inmate." 981 F.2d at 1066. But here, Mr. Robledo-Valdez has not come forward with evidence that Mr. Curry and Ms. Stephenson disregarded <u>express</u> instructions from Mr. Robledo-Valdez's medical providers – that is, Mr. Robledo-Valdez has not come forward with evidence that his providers specifically

instructed that salt and pepper <u>not</u> be added to the ice and that holes <u>not</u> be poked in the bag. At most, the record simply indicates that Mr. Robledo-Valdez's medical providers directed that he be given ice bags. He was given such ice bags, albeit contaminated and punctured ones. Thus, the most that can be said is that Mr. Curry and Ms. Stephenson carried out Mr. Robledo-Valdez's doctor's orders, albeit in a way that may have exacerbated, rather than eased, Mr. Robledo-Valdez's pain. Without a showing that Mr. Curry and Ms. Stephenson specifically disobeyed an <u>express</u> instruction from Mr. Robledo-Valdez's medical providers, *Hamilton* is not factually apposite and thus cannot demonstrate that Mr. Robledo-Valdez's claim here was "clearly established" as unconstitutional.

Accordingly, Mr. Robledo-Valdez's Motion for Reconsideration **(# 183)** is **DENIED**.

Dated this 23dth day of March, 2020.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Senior United States District Judge